DISTRICT OF OREGON
**F I L E D**
May 17, 2019
**Clerk, U.S. Bankruptcy Court**

Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>PACIFIC CONSTRUCTION GROUP, LLC,<br><br>Debtor-in-Possession, | Case No. 19-31770-pcm11<br><br>INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION |

This matter came before the Court on May 16, 2019, on the Motion For Final Order Under Sections 361 and 363 of the Bankruptcy Code, Authorizing Debtor to Use Cash Collateral and to Grant Adequate Protection [ECF Doc #11] filed by Pacific Construction Group, LLC, (the "Debtor"), as debtor-in-possession. Based on the entire record of this case, the Court makes the following findings of fact and conclusions of law:

A. On May 14, 2019 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

Page 1 of 5    INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION

{00272508:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31770-pcm11    Doc 17    Filed 05/17/19

B.  The following creditors (each a "Secured Creditor" and collectively the "Secured Creditors") may claim a lien in the Debtor's cash collateral (as defined in § 363(a)), as follows:

| Lien Creditor | UCC / Lien Number | UCC Date | Brief Collateral Description |
|---|---|---|---|
| On Deck / Secured Lender Solutions | 91655011 | 8/28/18 | All Personal Property |
| Ivy Financial Corp. | 91753805 | 12/19/18 | All Personal Property |

C.  The relief requested in the motion (i) is necessary to enable the Debtor to continue the operation of its business in an orderly manner, to pay payroll and other post-petition operating expenses, and to satisfy other working capital and operational needs, (ii) constitutes a critical element to achieving a successful outcome to this Chapter 11 case for creditors and other parties, and (iii) best serves the interests of the estate.

D.  Absent authority to use cash collateral, the Debtor will have to curtail or terminate its business operations to the detriment of all parties in interest.  Among other things, the disruption or termination of business operations would have a material and adverse effect on the value of the Debtor's business.  The Debtor's use of cash collateral will enable it to maintain the going concern value of its business and the value of the real property.

E.  The adequate protection offered to the Secured Creditors in the motion is reasonable and appropriate in the circumstances.

F.  Notice of the hearing on the motion was reasonable and sufficient in the circumstances.

Based on the foregoing, it is hereby ORDERED that:

1.  The Debtor is authorized to use $68,380 of cash collateral for the period of May 15, 2019, through and including June 8, 2019 (the "Budget Period") in accordance with the attached Exhibit 1 (the "Budget").  Debtor's authority to use Cash Collateral is limited to the uses set forth in the Budget, together with a 15% aggregate variance.

Page 2 of 5   INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION

{00272508:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31770-pcm11    Doc 17    Filed 05/17/19

2. As adequate protection, the Lien Creditors are granted replacement liens upon all post-petition assets of the Debtor which are of the identical description to its pre-petition collateral, with the same relative priority vis-à-vis each other that existed as of the Petition Date.

3. Debtor will timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

4. Nothing in this Order shall be construed to (a) grant a security interest in the Debtor's avoidance powers; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (e) enhance the secured position of any creditor as of the Petition Date. Further, nothing in this order shall preclude Lien Creditors from asserting claims for any further amounts that may be owed by the Debtor.

5. Debtor is authorized to execute and deliver to Lien Creditors such instruments considered by each Lien Creditor to be necessary or desirable to perfect the secured interests and liens given to the Lien Creditor, and the Lien Creditor is authorized to receive, file, and record the same.

6. Nothing contained in this Order shall constitute a determination as to the amount, validity, or priority of any pre-petition obligation, security interest, or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid, or voidable, are reserved.  Additionally, nothing in this Order shall constitute an admission or acknowledgement by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses, and claims of Debtor to contend that any party does not have a perfected lien or security interest in such collateral.

Page 3 of 5 INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION

{00272508:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31770-pcm11    Doc 17    Filed 05/17/19

7. Debtor's authority to use Cash Collateral may be extended beyond the amount in Paragraph 1 or the Budget Period by mutual agreement of the Debtor and the Lien Creditors. In the event of such agreement, Debtor may submit a further order extending Debtor's authority to use Cash Collateral on the same terms and conditions as provided herein without an additional motion or hearing. Notice of the proposed extension, including the applicable Budget, shall be provided to creditors and parties in interest with 14 days for filing objections thereto. If no objections are received, the extension order will take effect upon its stated date of commencement.

8. In the event of a default under the terms of this Order, and unless the Debtor cures such default within ten (10) days after receiving written notice of the default, the Debtor's right to use Cash Collateral shall be terminated and the Debtor shall be further prohibited from using Cash Collateral without obtaining a court order allowing such use.

9. Except as specified in Section 10 below, and except as otherwise authorized by an order of this Court, the Debtor shall deposit all funds received since the Petition Date and during the pendency of this case in the Debtor's debtor-in-possession bank account or accounts and that all expenses of the Debtor during the pendency of this case shall be paid from such accounts. Debtor shall not prepay expenses except in the ordinary course of business or as authorized by a court order.

10. This Order does not contain any of the "disfavored provisions" in LBF #541.7.

11. A final hearing for consideration of Debtors' Motion will be held on June 5, 2019, at 10:30 a.m. before the Honorable Peter C. McKittrick in Courtroom No. 1, United States Bankruptcy Court for the District of Oregon, Portland, 1050 SW 6th Ave. #700, Portland OR 9720. Counsel for the Debtor shall issue separate notice of the final hearing using the current version of LBF 541.

###

Page 4 of 5   INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION

{00272508:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31770-pcm11    Doc 17    Filed 05/17/19

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: 503-417-0500
Facsimile: 503-417-0508
E-mail: nhenderson@portlaw.com
Of Proposed Attorneys for Debtor

## SERVICE LIST

Electronic Service:
All CM/ECF participants

Service by Mail:

OnDeck Capital
Attn: Tony Gray, High Profile & Specialty Account Manager
4201 Wilson Blvd., Suite 110-209
Arlington, VA 22203

Ivy Financial Corp.
2102 Business Center Dr. #220-E
Irvine, CA 92612

Page 5 of 5   INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH
COLLATERAL AND TO GRANT ADEQUATE PROTECTION

{00272508:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-31770-pcm11    Doc 17    Filed 05/17/19